UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:11 CV 199 |
| | ) |
| SUPERINTENDENT, | ) |
| INDIANA STATE PRISON, | ) |
| | ) |
| Respondent. | ) |

**OPINION and ORDER**

Petitioner Aaron Brown, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging the loss of earned credit time in a prison disciplinary proceeding. Pursuant to RULE 4 of the RULES GOVERNING SECTION 2254 CASES, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .."*Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on

and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

The Petitioner presents five grounds in his habeas corpus petition. In ground two he asserts that he was denied an impartial decision-maker. Adjudicators in the prison disciplinary setting are entitled to a "presumption of honesty and integrity," and the constitutional standard for impermissible bias is high. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir.2003). Due process is violated when officials who are directly or substantially involved in the factual events underlying the disciplinary charges also serve on the disciplinary board. *Id.* at 767; *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir.1995). Here, the Petitioner does not assert that the hearing officer was involved in the underlying charge. Instead, he claims that the hearing officer found him guilty of the charges against him even though she had found other inmates not guilty of similar offenses. (DE #1 at 3.) The Petitioner's allegations do not establish the type of bias that would violate the Due Process Clause. See *Whitford*, 63 F.3d at 534. Accordingly, this claim is denied.

In ground four of his petition, the Petitioner alleges a "denial of right to be heard" (DE #1 at 7), asserting that the hearing officer "was unwilling to take into consideration Mr. Brown's testimony during the hearing she conducted." (*Id.*) The Petition and its attachments establish that Mr. Brown was present at the hearing and made a statement, but that the hearing officer did not credit that statement. That the hearing officer chose not to believe the Petitioner's testimony at the hearing states no

claim upon which relief can be granted. *Superintendent v. Hill,* 472 U.S. at 455-56 (Federal Courts do not second guess determinations of credibility by conducting an independent assessment of witness credibility or reweighing the evidence). Accordingly, this claim is denied.

In ground one of his petition, the Petitioner asserts that he was denied a witness, in ground three he claims he was denied evidence he requested, and in ground five he states that he was not given an adequate statement of the facts relied on by the hearing officer to find him guilty. These claims implicate procedural rights guaranteed by *Wolff v. McDonnell*, and the Petitioner may proceed on these claims.

For the foregoing reasons, the court:

(1) **GRANTS** the Petitioner leave to proceed on his claim in grounds one, three, and five of his petition;

(2) Pursuant to RULE 4 of the RULES GOVERNING SECTION 2254 CASES, **DISMISSES** grounds two and four of his petition; and

(3) **DIRECTS** the clerk's office to ensure that a copy of this order is served on the Respondent and the Indiana Attorney General along with the order to show cause.

**SO ORDERED.**

Date: January 31, 2012

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT